**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Victoria A. Mancha,

        Plaintiff,

  v.

Waterman Broadcasting of Florida, LLC,

        Defendant.

        /

Case No:

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Victoria A. Mancha ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Waterman Broadcasting of Florida, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates video and owns the rights to these videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on YouTube named as NBC2 News (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States

copyright laws.

## PARTIES

5. Plaintiff Victoria A. Mancha is an individual who is a citizen of the State of Florida and maintains a principal place of business 3761 McGregor Blvd, Ft Myers in Lee County, Florida.

6. Upon information and belief, Defendant Waterman Broadcasting of Florida, LLC, is a Florida limited liability company with a principal place of business at 3719 Central Avenue, Fort Myers in Lee County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Waterman Broadcasting of Florida, LLC because it maintains its principal place of business in Florida.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Waterman Broadcasting of Florida, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is the legal and rightful owners of videos which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff's own protectable copyright interests.

14. Waterman Broadcasting of Florida, LLC is the registered owner of the Account and is responsible for its content.

15. Waterman Broadcasting of Florida, LLC is the operator of the Account and is responsible for its content.

16. The Account is a popular and lucrative commercial enterprise.

17. The Account is monetized in that it generates revenue via advertisement programs through YouTube, and upon information and belief, the Defendant benefits from these activities.

18. The Account is monetized in that it promotes traffic to Defendant's website www.nbc-2.com, and upon information and belief, the Defendant benefits

from these activities.

19. On December 20, 2018, Plaintiff authored a Video of a recording of the effects of a storm hitting Sanibel (the "*Video*"). A copy of a still image of the Video is attached hereto as Exhibit 1.

20. Plaintiff applied to the USCO to register the Video on March 11, 2019 under Application No. 1-7486584259.

21. The Video was registered by the USCO on March 11, 2019 under Registration No. PA 2-172-753.

22. On March 26, 2019 Plaintiff observed the Video on the Account in a video upload dated December 21, 2018. A copy of the still image of the Account including the Video is attached hereto as Exhibit 2.

23. The Video was displayed at URL: https://www.youtube.com/watch?v=Ku7Bn3fgq6E.

24. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video as is set forth in Exhibit "1" on the Account.

25. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

26. The Infringement includes a URL ("*Uniform Resource Locator*") for

a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

27. The Infringement is a 2 minute and 31 second copy of Plaintiff's original video that was directly copied and stored by Defendant on the Account.

28. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

29. Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

30. Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

31. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

32. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

33. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

34. Upon information and belief, Defendant monitors the content on its Account.

35. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

36. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an in increase its YouTube advertising revenues and traffic to Defendant's website.

37. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

38. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

39. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

40. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

# FIRST COUNT
## *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

41. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

42. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

43. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

44. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

45. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

46. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted,

publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on the Account.

47. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for the infringement pursuant to 17 U.S.C. § 504(c).

48. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon

Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: February 8, 2022

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Fla Bar 985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123514

*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT